2021 IL App (1st) 171743-U

FIFTH DIVISION
Order filed: February 5, 2021

No. 1-17-1743

NOTICE: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 99 CR 2341 (03) |
| | ) | |
| | ) | |
| RICHARD CAMPBELL, | ) | Honorable |
| | ) | Carol M. Howard, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Delort and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We affirmed the trial court's denial of the defendant's *pro se* motion for leave to file a successive petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (2016)), asserting claims under the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) and the Proportionate Penalties Clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). We held that: (1) having been convicted and sentenced for a murder committed when he was 19 years old, the supreme court's decision in *People v. Harris,* 2018 IL 121932 foreclosed the defendant's eighth amendment argument based upon the Supreme Court's decision in *Miller v. Alabama,* 567 U.S. 460 (2012) that his age and 50-

year sentence qualifies him for the sentencing protections afforded to juveniles; and (2) the petition failed to allege facts in support of an as-applied violation of the Proportionate Penalties Clause showing that the evolving science on maturity and brain development applies to his specific facts and circumstances.

¶ 2 The defendant, Richard Campbell, appeals from an order of the circuit court denying his motion for leave to file a successive postconviction petition seeking relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2006)). For the reasons that follow, we affirm.

¶ 3 The defendant was charged with first degree murder as the result of the death of Terrance Willis. The evidence at trial established that the defendant and his codefendant, Kijel Grant, fired 15 shots at Willis, who later died of his wounds. At the time of the shooting, the defendant was 19 years old. Following a jury trial, the defendant was convicted of first degree murder and sentenced to 50 years' imprisonment. The defendant filed a direct appeal from his conviction and this court affirmed. *People v. Campbell*, No. 1-01-2203 (2003) (unpublished order under Supreme Court Rule 23). Subsequently, the defendant filed a *pro se* petition seeking relief under the Act. The trial court dismissed the petition at the second stage of that proceeding. The defendant appealed the petition's dismissal, and this court affirmed. *People v. Campbell*, No. 1-09-1080 (2010) (unpublished order under Supreme Court Rule 23).

¶ 4 On March 23, 2011, the defendant filed his first *pro se* successive postconviction petition alleging police coercion and that newly discovered evidence demonstrated his actual innocence. The trial court dismissed the petition and the first stage of that proceeding. The defendant appealed the dismissal, and this court affirmed. *People v. Campbell*, 2014 IL App (1st) 113074-U. On July 16, 2012, the defendant filed his second *pro se* motion for leave to file a successive postconviction petition alleging, *inter alia*, ineffective assistance of trial counsel, postconviction counsel, and

appellate counsel. The trial court denied his motion and this court affirmed. *People v. Campbell*, No. 1-15-2501 (2017) (unpublished order under Supreme Court Rule 23).

¶ 5 On April 10, 2017, the defendant filed a third *pro se* motion for leave to file a successive postconviction petition, attaching his affidavit in support. The defendant alleged, *inter alia,* that his 50-year sentence for an offense committed when he was 19 years old violates both the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) and the Proportionate Penalties Clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). In support of his claims, the defendant relied upon the United States Supreme Court's reasoning in *Miller v. Alabama*, 567 U.S. 460 (2012), which addressed the constitutionality of mandatory life sentences for juveniles and research showing that an individual's brain is not fully developed at 19. He argued that, in sentencing him to a *de facto* life sentence, the trial court failed to take into consideration his youth and attendant characteristics. The defendant contends that the petition shows that his 19-year-old brain was no different than that of a juvenile, and as a consequence, he was entitled to the same sentencing protections that juveniles are entitled to under the holding in *Miller*. On May 30, 2017, the trial court denied the defendant's motion for leave to file his successive postconviction petition, and this appeal followed.

¶ 6 In urging reversal of the order denying him leave to file a successive postconviction petition, the defendant argues only that his motion established both cause for and prejudice from failing to raise constitutional challenges to his 50-year sentence under the eighth amendment to the United States Constitution and the Proportionate Penalties Clause of the Illinois Constitution. On the issue of cause for not raising as-applied constitutional challenges to his 50-year sentence in his initial postconviction petition, the defendant argues that the authorities upon which he relies

were not available when he filed his initial postconviction petition. On the question of prejudice, the defendant asserts that the trial court sentenced him to a *de facto* life sentence without first considering his youthfulness and its attendant characteristics. No other argument seeking reversal is set forth in his brief, and as a consequence, any other basis for reversal of the trial court's order has been forfeited. Ill. S. Ct. R 341(h)(7) (eff. May 25, 2018).

¶ 7      Under the Act, a defendant may raise a claim of a constitutional violation in his trial or in sentencing. *People v. Edwards*, 2012 IL 111711, ¶ 21. The Act contemplates the filing of one postconviction petition. *Id.* ¶ 2. Claims not raised in an initial petition are waived (*Id.* ¶ 21) unless the defendant can show cause for and prejudice from failing to raise the claim in the earlier petition or makes a colorable claim of actual innocence (*People v. Robinson*, 2020 IL 123849, ¶ 42). The Act defines "cause" as "an objective factor that impeded [the petitioner's] ability to raise a specific claim during his or her initial postconviction proceedings." 725 ILCS 5/122-1(f) (West 2016). To establish "prejudice," a petitioner must demonstrate that the claim not raised in an initial postconviction proceeding "so infected the trial that the resulting conviction or sentence violated due process." *Id.* Our review of the trial court's denial of leave to file a successive postconviction petition is *de novo. Robinson*, 2020 IL 123849*,* ¶ 39.

¶ 8      In *Miller,* the Supreme Court held that the eighth amendment to the United States Constitution "forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller*, 567 U.S. at 479. Before sentencing a juvenile offender to life in prison, the sentencing judge must have the opportunity to consider mitigating factors such as, *inter alia*, the juvenile's age, the juvenile's family and home environment, the effects of familial or peer pressure, and the possibility of rehabilitation. *Miller,* 567 U.S. at 477-78.

¶ 9    Because the defendant was 19 years old when he murdered Willis, "*Miller* does not apply directly to this circumstance." *People v. Harris*, 2018 IL 121932, ¶ 45. "[Y]oung adult defendants are not entitled to a presumption that *Miller* applies to them." *People v. Ruiz*, 2020 IL App (1st) 163145, ¶ 52. In *People v. Harris*, 2018 IL 121932, ¶¶ 54-61, the supreme court set 18 as the age cutoff for sentencing protections in the eighth amendment context. Consequently, the decision in *Harris* foreclosed the defendant's eighth amendment argument that his age and sentence qualify him for the protections afforded to juveniles pursuant to the holding in *Miller*. However, the *Harris* court left open the question of whether a defendant convicted and sentenced to a *de facto* life sentence for a crime that was committed when he was 19 years old could raise an as-applied challenge to his sentence under the Proportionate Penalties Clause of the Illinois Constitution, which provides that "all penalties shall be determined according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." (Ill. Const. 1970, art. I, § 11); *Harris*, 2018 IL 121932, ¶ 48. The supreme court in *Harris* held that such a claim is more appropriately brought in a proceeding under the Act or by means of a petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)). *Id.*

¶ 10    However, to satisfy the cause and prejudice prerequisites to the filing of a successive postconviction petition, the defendant must submit enough documentation to allow a court to make that determination. *People v. Smith*, 2014 IL 115946, ¶ 35. "[U]nder *Harris*, a young adult defendant must plead and ultimately prove, that his or her individual characteristics require the application of *Miller*." *Ruiz*, 2020 IL App (1st) 163145, ¶ 52. In his motion for leave to file a successive postconviction petition, the defendant was only required to plead facts justifying further proceedings. *Id.* ¶ 55. At the motion stage, the allegations of fact in his motion and supporting affidavit must be taken as true. *Id.* ¶ 59.

¶ 11    The defendant was required to show "how the evolving science on juvenile maturity and brain development that helped form the basis for the *Miller* decision applies to *** [his] specific facts and circumstances." *Harris*, 2018 IL 121932, ¶ 46. Other than alleging that he was 19 years old when he committed the murder for which he was convicted and sentenced to 50 years' imprisonment, the successive postconviction petition that the defendant sought leave to file fails to set forth any individual characteristics which, even arguably, require that the sentencing protections set forth in *Miller* should apply to him. Having failed to allege facts showing that the holding in *Miller* should apply to his particular circumstances, the successive postconviction petition that the defendant sought leave to file is insufficient to support an as-applied challenge to the defendant's sentence under the Proportionate Penalties Clause of the Illinois Constitution.

¶ 12    Based upon the foregoing analysis, we affirm the trial court's order denying the defendant leave to file a successive postconviction petition.

¶ 13    Affirmed.